# EXHIBIT A

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 21CV00389

Janna B. Mills _____PLAINTIFF(S),

vs.

Amazon.com Inc et al _____DEFENDANT(S)

**COPY**

### SUMMONS

THIS SUMMONS IS DIRECTED TO: Amazon.com Services, Inc Registered Agent Corporation Service Company (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol County Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Bristol County Superior Court, 441 County St 1st Floor New Bedford MA 02740 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Coastal Legal Affiliates P.C. 251 Bank St Fall River MA 02720

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss"**, if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rulesofcourt.

A true copy Attest: Joseph P Casey
Deputy Sheriff Suffolk County
6-29-21

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at **www.mass.gov/courts/selfhelp**.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and **must** appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant".

Witness Hon. Judith Fabricant, Chief Justice on _____June_____, 20 21. (SEAL)

Marc J. Santos,
Clerk/Magistrate

NOTE: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___   Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.


RECEIVED
Date: May 21 2021
BRISTOL SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS
The Trial Court of the Commonwealth

BRISTOL, SS.                              SUPERIOR COURT DEPARTMENT

CIVIL ACTION NO.: 2173CV00389A

---

JANNA B. MILLS, individually, and
as Personal Representative of the
Estate of Christopher P. Mills,

              Plaintiff,

v.

AMAZON.COM, INC.; AMAZON.COM, LLC;
AMAZON SERVICES, LLC;
AMAZON.COM SERVICES, LLC;
AMAZON.COM SERVICES, INC.;
AMAZON.COM.DEDC, LCC;
AMAZON LOGISTICS, INC.;
XPO LAST MILE, INC.; XPO LOGISTICS, INC.;
and JOHN DOES 10-15,

              Defendants.



---

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

The Plaintiff, Janna B. Mills individually and as the Personal Representative of the Estate of Christopher P. Mills brings this civil action seeking damages for negligence and wrongful death claims against the Defendants, AMAZON.COM, INC., AMAZON.COM, LLC, AMAZON SERVICES, LLC, AMAZON.COM SERVICES, LLC, AMAZON.COM SERVICES, INC., AMAZON.COM.DEDC, LCC, AMAZON LOGISTICS, INC., XPO LAST MILE, INC., XPO LOGISTICS, INC. (hereinafter referred to collectively as "the Defendants") for the severe personal injuries an death of Christopher P. Mills, caused as a result of an motor vehicle collision. As a direct result of the reckless and/or negligent conduct on the part of the Defendants, Christopher Mills suffered severe and life-threatening injuries and died as a result thereof.

### PARTIES

1. The Plaintiff, Janna Mills is an individual with a usual place of abode at 126 South Main Street, Berkley, Bristol County, Massachusetts.

---

2. The Plaintiff, Janna B. Mills was appointed the Personal Representative of the Estate of the deceased, Christopher P. Mills, on August 10, 2018 by an order of the Bristol County Probate and Family Court, Docket Number BR18P2170EA, which letters of administration were issued to the Plaintiff, Janna B. Mills, who continues to be the duly appointed Personal Representative.

3. The Defendant, AMAZON.COM, INC., is a corporation with its corporate office located at 410 Terry Avenue N, Seattle, King County, Washington, 98109.

4. The Defendant, AMAZON.COM, LLC, is a limited liability company with its corporate office located at 410 Terry Avenue N, Seattle, King County, Washington, 98109.

5. The Defendant, AMAZON SERVICES, LLC, is a limited liability company with its corporate office located at 410 Terry Avenue N, Seattle, King County, Washington, 98109.

6. The Defendant, AMAZON.COM SERVICES, LLC, is a limited liability company n with its corporate office located at 410 Terry Avenue N, Seattle, King County, Washington, 98109.

7. The Defendant, AMAZON.COM SERVICES, INC., is a corporation with its corporate office located at 410 Terry Avenue N, Seattle, King County, Washington, 98109.

8. The Defendant, AMAZON.COM.DEDC, LCC, is a limited liability company with its corporate office located at 410 Terry Avenue N, Seattle, King County, Washington, 98109.

9. The Defendant, AMAZON LOGISTICS, INC., is a corporation with its corporate office located at 410 Terry Avenue N, Seattle, King County, Washington, 98109.

10. The Defendant, XPO LAST MILE, INC. is a corporation with its principal office located at 1851 West Oak Parkway, Suite 100, Marietta County, GA, 30062.

11. The Defendant, XPO LOGISTICS, INC. is a corporation with its corporate headquarters located at 5 American Lane, Greenwich, Fairfield County, Connecticut, 06831.

12. The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as JOHN DOES through 10-15, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as JOHN DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

## JURISDICTION & VENUE

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 as if fully restated herein.

14. At the time of the subject motor vehicle collision, Christopher Mills was operating his motor vehicle on Highland Avenue in Fall River, Bristol County, Massachusetts.

15. At the time of the subject motor vehicle collision, the subject 2016 Hino 268 Box Truck (hereinafter "Box Truck") was being operated on Highland Avenue in Fall River, Bristol County, Massachusetts by Irvin Dominguez-Cruz (hereinafter "Cruz"), an employee, agent, apparent agent, and/or servant of the Defendants.

16. This Court has personal jurisdiction over the Defendants, AMAZON.COM, INC., AMAZON.COM, LLC, AMAZON SERVICES, LLC, AMAZON.COM SERVICES, LLC, AMAZON.COM SERVICES, INC., AMAZON.COM.DEDC, LCC, AMAZON LOGISTICS, INC., because at all times relevant to the instant action, Defendants were engaged in trade and commerce by performing online sales and delivery services within the Commonwealth of Massachusetts.

17. This Court has personal jurisdiction over the Defendant XPO Last Mile, Inc., because at all times relevant to the instant action, XPO Last Mile, Inc., was engaged in trade and commerce by performing delivery services within the Commonwealth of Massachusetts.

18. This Court has personal jurisdiction over the Defendant XPO Logistics, Inc., because at all times relevant to the instant action, XPO Logistics, Inc., was engaged in trade and commerce by performing delivery services within the Commonwealth of Massachusetts.

19. This Court has jurisdiction over the instant action as the amount in controversy exceeds $50,000.00 and the incidents occurred in the Commonwealth of Massachusetts.

20. Venue is proper in the Bristol County Superior Court under M.G.L. c. 223, § 1, as the Plaintiff lives in Bristol County.

## MATERIAL FACTS

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as if fully restated herein.

22. On or about June 14, 2018, at approximately 6:01 a.m. the decedent, Christopher P. Mills, was carefully and prudently operating his motorcycle traveling northbound on Highland Avenue in Fall River, Massachusetts.

23. Highland Avenue is a marked; asphalt paved two-lane roadway with opposing lanes (north/south), which has streetlights and crosswalks. At the time of the accident the roadway was dry with no road defects. Weather conditions were dry, sunny, with clear visibility.

24. At the same time, Cruz was driving southbound on Highland Avenue in Fall River, Massachusetts, operating the subject Box Truck with commercial registration S11399.

25. At all times relevant hereto, Cruz was an employee, agent, apparent agent, and/or servant of the named Defendants, and each of them.

26. At all times relevant hereto, Cruz was subject to the actual control or right to control of Defendants in the method and manner of fulfilling his responsibilities of employment. This includes, but it not limited to, the exact delivery responsibilities Cruz was performing at the time of the subject accident. Cruz was therefore the agent, actual or apparent, of the Defendants.

27. Cruz, suddenly and without warning or signal turned the Box Truck east to make a left turn onto Courtney Street in Fall River, Massachusetts.

28. As Cruz turned left, he impeded the path of Christopher P. Mills' motorcycle.

29. Christopher P. Mills' motorcycle skidded, and his body impacted the rear passenger wheels and body of the Box Truck.

30. As Christopher P. Mills lay on the ground wailing in pain from his life threating injuries, Cruz never stopped and continued east on Courtney Street into the Royal Crest Estates driveway in Fall River, Massachusetts.

31. Christopher P. Mills suffered excruciating physical and mental pain and anguish at the scene of the accident, including but not limited to sustaining broken bones, internal bleeding, brain edema, and injuries to his internal organs.

32. As the EMS was transporting Christopher P. Mills to Rhode Island Hospital, his mental status and blood pressure continued to degrade. He experienced bradypnea, his jaw began clinching and there was loss in pulses. The EMT's began CPR.

33. Upon arrival at Rhode Island Hospital, located in Providence, Rhode Island, resuscitation attempts continued but failed and Christopher P. Mills was pronounced dead by Alison S. Hayward, MD at 6:50 am on June 14, 2018.

34. On Thursday, June 14, 2018 Trooper Phillip Giardino and Detective Dwaine Cabeceiras, located the operator of the Box Truck, Irvin Dominguez-Cruz.

35. Cruz was arrested and charged with Motor Vehicle Homicide by Negligent Operation, Leaving the Scene of a Collision Death Resulting, Unlicensed Operation of a Motor Vehicle and Failure to Yield to On-Coming Motor Vehicle.

36. The Fall River Police Department's Accident Reconstruction team determined that Christopher P. Mills' speed was not excessive, based on their investigation and their observations of the damage to both vehicles.

37. The Fall River Police Department's Accident Reconstruction team determined that the Box Truck was working properly before impact.

38. The Fall River Police Department's Accident Reconstruction team determined that the failure of the operator, Cruz, to exercise reasonable due care and caution by failing to yield to oncoming traffic was the cause of the accident.

39. At the time Cruz caused Christopher P. Mills' death, he was an employee, agent, apparent agent, and/or servant of Paige Transportation located in Boston, Massachusetts, as well as the Defendants in this action.

40. The Defendants contracted Paige Transportation and its employees, agents, and/or servants to perform deliveries.

41. Upon information and belief, Cruz was operating the Box Truck within the course and scope of the employment/contract agreement between the Defendant(s) and Paige Transportation.

42. Upon information and belief, Cruz was not licensed to operate the Box Truck.

43. Upon information and belief, Cruz was not competent to operate the motor vehicle safely.

44. Defendants knew or reasonably should have known that Cruz was not licensed to operate the box truck.

45. Defendants knew or reasonably should have known that Cruz was not competent to operate the box truck safely.

## COUNT I
### Negligence

46. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 45 as if fully restated herein.

47. At all times relevant hereto, on or about June 14, 2018, Christopher P. Mills, was in the exercise of due care while operating his motorcycle while traveling northbound on Highland Avenue in Fall River, Massachusetts.

48. Cruz was operating the Box Truck under the direction, control and/or supervision of the Defendants.

49. At all times relevant hereto, Cruz was subject to the actual control or right to control of Defendants in the method and manner of operating the Box Truck in fulfilling his responsibilities of employment. This includes, but it not limited to, the exact delivery responsibilities Cruz was performing at the time of the subject accident. Cruz was therefore the agent, actual or apparent, of the Defendants.

50. The Defendants failed to exercise reasonable care to supervise Cruz.

51. At all times relevant hereto on or about June 14, 2018, Cruz, as employee, agent, apparent agent, and/or servant of the Defendants had a duty to use reasonable care to avoid causing

personal injury and/or property damage to Christopher P. Mills and others on the road by operating the motor vehicle with reasonable care and caution.

52. At all times relevant hereto, Cruz, while under the direction, control and/or supervision of the Defendants, breached his duty to use reasonable care by causing the motor vehicle to impede the path of Christopher P. Mills, which caused his injuries and ultimate death.

53. Specifically, the accident was caused by the reckless, careless, and/or negligent conduct of Cruz for that, among other acts and omissions, he:

  a. Failed to observe due care and precaution and to maintain proper and adequate control of the motor vehicle he was operating;

  b. Failed to keep a proper lookout for other vehicles lawfully upon the road;

  c. Operated the motor vehicle negligently thereby causing a death;

  d. Left the scene of a collision resulting in death;

  e. Operated a motor vehicle while unlicensed;

  f. Failed to yield to the on-coming motor vehicle;

  g. Failed to properly maintain the motor vehicle he was operating so that it was safe to operate upon public roadways; and

  h. In other respects, not now known to the Plaintiff, but which may become known prior to or at the time of trial.

54. Defendants owed a duty of reasonable care in directing, controlling supervising, screening, and/or training who it allowed to make deliveries on their behalf.

55. Defendants breached their duty of reasonable care by allowing Cruz to operate the motor vehicle on their behalf because they knew or should have known that Cruz was not licensed to operate the box truck.

56. Defendants breached their duty of reasonable care by allowing Cruz to operate the motor vehicle on their behalf because they knew or should have known that Cruz was incompetent to operate a motor vehicle safely.

57. As a direct and proximate result of the negligence of Cruz who was an employee, agent, apparent agent, and/or servant of Defendants, Christopher Mills sustained fatal personal injuries and died.

58. As a direct and proximate result of the Defendants' breach of duty to use reasonable care in directing, controlling supervising, screening, and/or training Cruz, Christopher Mills sustained fatal personal injuries and died.

59. Specifically, as a direct and proximate result of the wrongful, careless, and/or negligent conduct of the Defendants, Christopher P. Mills:

    a. Suffered serious, painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress all culminating in the loss of his life;

    b. Was required to undergo medical treatment and to incur medical costs and expenses in order to treat injuries, pain and suffering and to attempt to save his life;

    c. Is forever precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;

    d. And, otherwise was hurt, injured and caused to sustain losses, including death.

60. Defendants are vicariously liable for the actions of Cruz and responsible for the negligence of Cruz both under common law and statutory law principles.

**WHEREFORE**, the Plaintiff Janna B. Mills as the Personal Representative of the Estate of Christopher P. Mills demands Judgment against the Defendants for damages, including but not limited to actual and consequential damages, in an amount that the Court or Jury deems meet and just, together with attorneys' fees, interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II
### Negligence/Wrongful Death
### (Pursuant to Massachusetts Wrongful Death Statute, G.L. c. 229, § 2)

61. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 60 as if fully restated herein.

62. At all times relevant hereto, on or about June 14, 2018, Christopher P. Mills, was in the exercise of due care while operating his motorcycle while traveling northbound on Highland Avenue in Fall River, Massachusetts.

63. Cruz was operating the Box Truck under the direction, control and/or supervision of the Defendants.

64. At all times relevant hereto, Cruz was subject to the actual control or right to control of Defendants in the method and manner of operating the Box Truck in fulfilling his responsibilities of employment. This includes, but it not limited to, the exact delivery responsibilities Cruz was performing at the time of the subject accident. Cruz was therefore the agent, actual or apparent, of the Defendants.

65. The Defendants failed to exercise reasonable care to supervise Cruz.

66. At all times relevant hereto on or about June 14, 2018, Cruz, as employee, agent, apparent agent, and/or servant of the Defendants had a duty to use reasonable care to avoid causing

personal injury and/or property damage to Christopher P. Mills and others on the road by operating the motor vehicle with reasonable care and caution.

67. At all times relevant hereto, Cruz, while under the direction, control and/or supervision of the Defendants, breached his duty to use reasonable care by causing the motor vehicle to impede the path of Christopher P. Mills, which caused his injuries and ultimate death.

68. Specifically, the accident was caused by the reckless, careless, and/or negligent conduct of Cruz for that, among other acts and omissions, he:

   a. Failed to observe due care and precaution and to maintain proper and adequate control of the motor vehicle he was operating;

   b. Failed to keep a proper lookout for other vehicles lawfully upon the road;

   c. Operated the motor vehicle negligently thereby causing a death;

   d. Left the scene of a collision resulting in death;

   e. Operated a motor vehicle while unlicensed;

   f. Failed to yield to the on-coming motor vehicle;

   g. Failed to properly maintain the motor vehicle he was operating so that it was safe to operate upon public roadways; and

   h. In other respects, not now known to the Plaintiff, but which may become known prior to or at the time of trial.

69. Defendants owed a duty of reasonable care in directing, controlling supervising, screening, and/or training who it allowed to make deliveries on their behalf.

70. Defendants breached their duty of reasonable care by allowing Cruz to operate the motor vehicle on their behalf because they knew or should have known that Cruz was not licensed to operate the box truck.

71. Defendants breached their duty of reasonable care by allowing Cruz to operate the motor vehicle on their behalf because they knew or should have known that Cruz was incompetent to operate a motor vehicle safely.

72. As a direct and proximate result of the negligence of Cruz who was an employee, agent, apparent agent, and/or servant of Defendants, Christopher Mills sustained fatal personal injuries and died.

73. As a direct and proximate result of the Defendants' breach of duty to use reasonable care in directing, controlling supervising, screening, and/or training Cruz, Christopher Mills sustained fatal personal injuries and died.

74. Specifically, as a direct and proximate result of the wrongful, careless, and/or negligent conduct of the Defendants, Christopher P. Mills:

    a. Suffered serious, painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress all culminating in the loss of his life;

    b. Was required to undergo medical treatment and to incur medical costs and expenses in order to treat injuries, pain and suffering and to attempt to save his life;

    c. Is forever precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;

    d. And, otherwise was hurt, injured and caused to sustain losses, including death.

75. Defendants are vicariously liable for the actions of Cruz and responsible for the negligence of Cruz both under common law and statutory law principles.

76. The Plaintiff Janna B. Mills as the Personal Representative of the Estate of Christopher P. Mills brings this action for the wrongful death of Christopher Mills for the benefit of his next of kin pursuant to G. L. c. 229, § 2.

**WHEREFORE,** the Plaintiff Janna B. Mills as the Personal Representative of the Estate of Christopher P. Mills demands Judgment against the Defendants for damages, including but not limited to actual and consequential damages, in an amount that the Court or Jury deems meet and just, together with attorneys' fees, interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT III
*Punitive Damages*
*(Pursuant to Massachusetts Wrongful Death Statute, G.L. c. 229, § 2)*

77. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 76 as if fully restated herein.

78. All of the aforementioned acts and/or omissions of Cruz, who was an employee, agent, apparent agent, and/or servant of the Defendants, constitute gross negligence, and/or rose to the level of willful, wanton, and/or reckless behavior within the meaning of the Wrongful Death Statute, so as to merit an award of punitive damages.

79. Defendants are vicariously liable for the actions of Cruz and are responsible for the negligence, gross negligence and/or wrongful actions of Cruz both under common law and statutory law principles.

80. All of the aforementioned acts and/or omissions of the Defendants constitute gross negligence, and/or rose to the level of willful, wanton, and/or reckless behavior within the meaning of the Wrongful Death Statute, so as to merit an award of punitive damages.

81. The Plaintiff, Janna B. Mills brings this cause of action as the duly appointed Personal Representative of the Estate of Christopher P. Mills.

**WHEREFORE,** the Plaintiff Janna B. Mills as the Personal Representative of the Estate of Christopher P. Mills, demands Judgment against the Defendants in an amount of punitive damages that the Court or Jury deems meet and just, together with attorneys' fees, interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT IV
### *Conscious Pain and Suffering*
### *(Pursuant to Massachusetts Wrongful Death Statute, G.L. c. 229, § 6)*

82. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 81 as if fully restated herein.

83. Christopher P. Mills suffered excruciating physical and mental pain and anguish at the scene of the accident, sustaining broken bones and internal bleeding after colliding into the Box Truck.

84. Christopher P. Mills lived and suffered for approximately fifty (50) minutes before he finally succumbed to his injuries.

85. As a result of the negligence of Cruz, who was an employee, agent, apparent agent, and/or servant of the Defendants, the late Christopher Mills was caused to suffer great pain and conscious suffering up to the moment of his death.

86. As a result of the negligence of the Defendants, the late Christopher Mills was caused to suffer great pain and conscious suffering up to the moment of his death.

87. Defendants are vicariously liable for the actions of Cruz and responsible for the negligence of Cruz both under common law and statutory law principles.

88. The Plaintiff, Janna B. Mills brings this cause of action as the duly appointed Personal Representative of the Estate of Christopher P. Mills.

**WHEREFORE,** the Plaintiff Janna B. Mills as the Personal Representative of the Estate of Christopher P. Mills, demands Judgment against the Defendants for damages, including but not limited to actual and consequential damages, in an amount that the Court or Jury deems meet and just, together with attorneys' fees, interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT V
### Negligent Hiring, Retention and Supervision

89. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 88 as if fully restated herein.

90. At all times, Cruz was operating under the direction, supervision, control and/or right of control of the Defendants, and was otherwise their employee, agent, apparent agent, and/or servant.

91. By establishing operating procedures for delivery and delivery of products, the Defendants, have an express and/or implied duty to provide a reasonable safe environment to others on the road.

92. Defendants failed to exercise reasonable care in directing, controlling, supervising, screening, and/or training Cruz.

93. As a direct result of the Defendants' negligence, Christopher P. Mills sustained fatal personal injuries and death.

**WHEREFORE**, the Plaintiff Janna B. Mills as the Personal Representative of the Estate of Christopher P. Mills, demands Judgment against the Defendants for damages, including but not limited to actual and consequential damages, in an amount that the Court or Jury deems meet and just, together with attorneys' fees, interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT VI
### Vicarious Liability

94. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 93 as if fully restated herein.

95. At all times relevant hereto, the Defendants employed Cruz and/or allowed him to act as their agent or servant.

96. By virtue of the Defendants' relationship to Cruz, he had authority to make deliveries as an agent of the Defendants.

97. The conduct of Cruz recounted herein was undertaken in the course and scope of his employment, agency, or servitude of the Defendants and ratified by them.

98. In operating the Box Truck, Cruz was serving the interests of his employers and/or principles, the Defendants, when the accident occurred.

99. At all times relevant hereto, Cruz was acting as employee, agent, apparent agent, and/or servant of the Defendants and was using the trust, power and authority of his position when the accident involving the Christopher P. Mills occurred.

100. Defendants maintained significant actual control, or right of control, over Cruz. Said control, or right of control, includes but is not limited to the precise delivery responsibilities and protocol being carried out by Cruz at the time he negligently caused the motor vehicle accident. Because the control exercised or possessed by Defendants is significant, Cruz is the employee, agent, apparent agent, and/or servant of the Defendants.

101. The accident that occurred on or about June 14, 2018, was foreseeable by the Defendants.

102. Cruz's negligent acts and omissions during his employment, agency, or servitude of the Defendants, while acting with actual or apparent authority operated the Box Truck that impeded the path of the Christopher P. Mills, resulted in an accident that caused his fatal personal injuries.

103. The Defendants are vicariously liable for the acts and omissions of Irvin Dominguez-Cruz, and the injuries and death sustained by Christopher P. Mills.

**WHEREFORE,** the Plaintiff Janna B. Mills as the Personal Representative of the Estate of Christopher P. Mills, demands Judgment against the Defendants for damages, including but not limited to actual and consequential damages, in an amount that the Court or Jury deems meet and just, together with attorneys' fees, interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT VII
### Loss of Consortium

104. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 103 as if fully restated herein.

105. At all times relevant hereto, Janna B. Mills was the lawful wife of Christopher P. Mills and she brings this cause of action pursuant to Massachusetts law to recover loss of consortium.

106. As a direct result of the Defendants' reckless, careless, and/or negligent conduct, the decedent, Christopher P. Mills sustained injuries and ultimately death.

107. As a direct result of the Defendants' reckless, careless, and/or negligent conduct, Janna B. Mills has suffered and continues to suffer severe emotional and psychological distress including, but not limited to, loss of companionship and society, loss of the protection and care of her husband and economic loss.

108. The reckless, careless, and/or negligent conduct of the Defendants were the cause in fact and the proximate cause of all the aforesaid injuries and damages.

**WHEREFORE,** the Plaintiff, Janna B. Mills individually and as the Personal Representative of the Estate of Christopher P. Mills, prays that judgment be entered against the Defendants for damages, including but not limited to actual and consequential damages, in an amount that will fairly and adequately compensate Janna B. Mills individually and as the Personal

Representative of the Estate of Christopher P. Mills for the fatal injuries, including pain and suffering and all other damages recoverable, together with attorneys' fees, interest, costs and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

The Plaintiff, Janna B. Mills individually and as the Personal Representative of the Estate of Christopher P. Mills, hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

DATE: May 20, 2021

Respectfully Submitted,
The Plaintiff,
JANNA B. MILLS individually
and as the Personal Representative of
the Estate of Christopher P. Mills,
By Her Attorney,

Patrick T. Matthews, Esq. B.B.O. # 629498
Brian M. Tavares, Esq. B.B.O. #685949
COASTAL LEGAL AFFILIATES, P.C.
P.O. Box 1870
Fall River, Massachusetts 02722
Telephone No.: (508) 676-6900
Fax No.: (508) 676-9908
ptmatthews@fallriverattorneys.com
btavares@fallriverattorneys.com

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2173CV00389 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Janna B Mills, Individually/ Personal Representative for the Estate of Christopher P Mills vs. Amazon.Com, Inc et al | | Marc J. Santos, Clerk of Court<br>Bristol County |
| TO: Amazon.Com Services, Inc<br>No addresses available | | COURT NAME & ADDRESS<br>Bristol County Superior Court - New Bedford<br>441 County Street, 1st floor<br>New Bedford, MA 02740 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/19/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 09/20/2021 | |
| All motions under MRCP 12, 19, and 20 | 09/18/2021 | 10/18/2021 | 11/17/2021 |
| All motions under MRCP 15 | 07/15/2022 | 08/15/2022 | 08/15/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/11/2023 | | |
| All motions under MRCP 56 | 06/12/2023 | 07/10/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/07/2023 |
| Case shall be resolved and judgment shall issue by | | | 05/20/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>05/21/2021 | ASSISTANT CLERK<br>Jennifer A Sullivan | | PHONE<br>(508)996-2051 |
|---|---|---|---|

Date/Time Printed: 05-21-2021 11:30:55                                                      SCV026\ 08/2018